ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2016 MAR 31 AM 9: 57

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH BERNARD DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-032 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections, and a response thereto, have been filed. (Doc. nos. 16, 17.) The Magistrate Judge recommended reversing and remanding this case to the Acting Commissioner for further consideration because the Administrative Law Judge ("ALJ") did not comply with the remand order of the Appeals Council ("AC") in multiple ways. Defendant concedes the Magistrate Judge identified how the ALJ did not comply with the remand order, (doc. no. 16, p. 4), but nevertheless objects to the manner in which the Magistrate Judge reached his conclusion.

After Plaintiff's first unfavorable decision from the ALJ, he requested that the AC review the decision because the ALJ erred in failing to find he met Listing 112.05D, relating

to Intellectual Disability. Tr. ("R."), pp. 458-60. Listing 112.05D requires a valid verbal, performance, or full scale IQ of sixty through seventy and a physical or other mental impairment imposing an additional and significant limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05D. As explained in detail in the Report and Recommendation, the AC remand order specifically found the ALJ had not adequately evaluated Plaintiff's mental impairments, had failed to discuss three sets of IQ scores that fell within the sixty to seventy range, and failed to discuss the opinion of mild mental retardation offered by a treating source, James A. Kibler, M.D. R. 110. Although Defendant does not agree Plaintiff validly challenged the treatment of Dr. Kibler's opinion, she does concede, "it appears the ALJ may have erred by not weighing this opinion, as required by both the AC's remand order and the Commissioner's regulations." (Doc. no. 16, p. 4.)

In the ALJ's opinion after remand, he determined Plaintiff was not mildly mentally retarded, and although he mentioned the IQ scores from 2006, 2008, and 2010, the ALJ also noted Plaintiff had a full scale IQ score of eighty-three in 2003. R. 20-21. In his first enumerated error in this Court, Plaintiff argued the record did not reveal the credentials of the person who administered the test in 2003, and therefore the scores were not offered by an acceptable medical source. (Doc. no. 12, p. 8.) The Magistrate Judge disagreed, explaining the record showed the test had been administered by a school psychologist, an acceptable medical source under the regulations. (Doc. no. 14, p. 7.)

However, in making this finding, the Magistrate Judge also correctly noted the 2003 test was administered when Plaintiff was in kindergarten, as is indicated at the top of the first page of the report containing the score. R. 403. The Magistrate Judge concluded that the

2

lack of current IQ scores created an evidentiary gap that required the ALJ to obtain updated information about Plaintiff's mental capacity in order to comply with the AC remand order to adequately evaluate Plaintiff's metal impairments. (Doc. no. 14, pp. 10-12.) In her objections, Defendant faults the Magistrate Judge for pointing out the 2003 IQ scores were outdated examination findings from kindergarten used to analyze Plaintiff as he approached seventeen years of age, but nonetheless claims that because the ALJ's reasoning was not based "solely" on these admittedly outdated scores, there was no need to obtain an updated IQ score in order to comply with the AC remand order. (Doc. no. 16, pp. 3-4.)

Social Security regulations state that standardized intelligence test results are *essential* when deciding intellectual disability raised under Listing 112.05D. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00D(11) (emphasis added). Defendant concedes, as she must, the IQ scores from kindergarten were outdated. Moreover, scores like Plaintiff's from 2006, 2008, and 2010, in the sixty to seventy range when administered between ages seven and sixteen, are considered current for two years. Id. § 112.00D(10). Thus, when the ALJ issued his second decision on August 19, 2013, because the last IQ test of record occurred in 2010 when Plaintiff was thirteen years old, the record had an evidentiary gap concerning an essential piece of evidence for complying with the AC remand order to adequately evaluate Plaintiff's mental functioning.

Defendant's remaining objections are similarly unavailing. For example, Defendant complains the Magistrate Judge raised arguments never made by Plaintiff. (Doc. no. 16, p. 3.)

3

However, Plaintiff clearly argued the ALJ failed to comply with the AC's remand Order, stating "the overall Order of the [AC] is to be given full effect." (Doc. no. 12, p. 11.) Plaintiff also argued, "The ALJ could have ordered [Plaintiff] to undergo a consultative examination." (Id.) The Magistrate Judge agreed with Plaintiff's argument, finding that lack of current IQ scores, as could be obtained in a consultative examination, created an evidentiary gap that required the ALJ to obtain updated scores to properly evaluate Plaintiff's mental functioning. (Doc. no. 14, pp. 11-12.)

Defendant also complains she was criticized for an argument she never made concerning whether an ALJ "will" or "shall" comply with a remand order.[1] However, the Magistrate Judge accurately described the mandatory language of the regulations requiring that an ALJ "shall" take any action ordered by the AC, and accurately quoted the word "will" from the remand order. (Id. at 9-10.) Defendant's brief clearly argued, "the AC never used the mandatory term 'shall,'" and instead "gave the ALJ discretion." (Doc. no. 13, p. 9.) Defendant's argument initially, and in the objections, amounts to a contention that the ALJ had discretion to do something less than, as the Magistrate Judge correctly explained, was necessary to comply with the AC remand order. Defendant's argument is without merit. All other objections not specifically mentioned herein are likewise **OVERRULED**.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Court

---

[1] Confusingly, Defendant objects to the manner in which the Magistrate Judge concluded the ALJ was required to obtain updated IQ scores, but then contends her argument about discretion was not addressed. (Doc. no. 16, p. 3.) Of course, if the ALJ was required to obtain new scores, the Magistrate Judge necessarily determined any exercise of "discretion" not to do so was error.

**REVERSES** the Acting Commissioner's final decision and **REMANDS** this case to the Acting Commissioner for further consideration in accordance with the Court's opinion.

SO ORDERED this 31st day of March, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE